IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02539-WYD-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5910 SOUTH OGDEN COURT,

    Defendant.

ANA OROZCO,

    Claimant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Claimant's Motion for Leave to Amend Answer Pursuant to Fed. R. Civ. P. 15(a)(2) [filed April 9, 2012; docket #35]. This matter is referred to this Court for recommendation. (Docket #40.) The United States filed a response opposing the Motion on April 13, 2012. (Docket #39.) Claimant did not file a reply. For the reasons that follow, the Court RECOMMENDS that Claimant's Motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

The United States initiated this forfeiture action on October 18, 2010, alleging that the Defendant property 5910 South Ogden Court was purchased by Samuel Orozco and Claimant Ana Orozco with illegal drug proceeds. (Docket #1.) The United States' Verified Complaint for Forfeiture *In Rem* asserts that Claimant "knew a lot about Sam Orozco's drug business" and was present at the Defendant property when drug couriers arrived to pick up vehicles loaded with cocaine. (*Id*. at 14.) Claimant filed her Verified Statement In Interest [docket #14], and her Answer to Verified Complaint...[docket #15] on December 17, 2010. Notably, Claimant's Answer asserts no affirmative defenses. (*See* docket #15.)

On July 12, 2011, this Court issued a Scheduling Order establishing, among other deadlines, a September 12, 2011 deadline for the joinder of parties and amendment of pleadings. (Docket #24 at 4.) Although the Court later extended the discovery cutoff and dispositive motion deadlines, the deadline for amendment of pleadings remained the same. (*See* docket #31.) The United States filed its Motion for Summary Judgment on March 19, 2012. (Docket #33.) As of this date, the Motion for Summary Judgment is fully briefed and awaiting a decision by Chief Judge Daniel.

Over the course of the summary judgment briefing, Claimant filed the present Motion seeking leave to amend her Answer pursuant to Fed. R. Civ. P. 15(a)(2). (Docket #35.) In particular, Claimant seeks to add affirmative defenses related to her claim of innocent ownership which were "inartfully omitted" from her Answer. (*Id*. at 1.) According to Claimant, the United States has received notice of these defenses through communications with Claimant and through Claimant's responses to formal and informal discovery requests. (*Id*.) Claimant makes no argument regarding the Scheduling Order, and does not provide any further reason why the affirmative defenses were not presented in Claimant's Answer.

The United States filed a response to Claimant's Motion on April 13, 2012. (Docket #39.) The United States argues that Claimant's Motion should be denied for three reasons: 1) Claimant has not demonstrated "good cause" to amend the Scheduling Order pursuant to Fed. R. Civ. P. 16(b); 2) Claimant's request is untimely under Fed. R. Civ. P. 15(a); and 3) amendment would be futile because the "innocent ownership" affirmative defense is not available to Claimant. Although provided the opportunity to do so, Claimant filed no reply.

## **DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Because Claimant filed her motion after the deadline for amendment of pleadings, the United States is correct that granting Claimant's Motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Claimant demonstrates good cause allowing modification of the Scheduling Order. Second, if Claimant shows good cause, she must also meet the requirements of Fed. R. Civ. P. 15(a).

**I.      Good Cause for Modification under Rule 16(b)**

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in

attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, Claimant "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

In this case, Claimant provides no explanation for the "inartful omission" of the affirmative defenses. Indeed, Claimant asserts that "it has always been clear...that the Claimant intended to present evidence related to her status as an innocent owner[.]" (Docket #35 at 2.) What is not clear, however, is why Claimant failed to include any affirmative defenses in her Answer, or why Claimant did not move to amend her Answer within the deadline established by the Court. In the absence of an adequate explanation for the delay, the Court finds that Claimant has failed to demonstrate good cause to amend the Scheduling Order, as required by Fed. R. Civ. P. 16(b).

**II.     Leave to Amend Under Rule 15(a)**

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir.2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Claimant has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc.*

*v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Delay in amendment raises special concerns at the summary judgment phase of litigation. *See Evans v. McDonald's Corp*. 936 F.2d 1087, 1091 (10th Cir. 1991). As the Tenth Circuit noted in *Evans*, a party who "wait[s] until the last minute to ascertain and refine the theories on which they intend to build their case" risks wasting the parties' and the Court's resources on extended discovery or continuances. *Id*. Even under the liberal pleading standards of Rule 15(a), amendment following summary judgment motions is, at minimum, disfavored. *See Id.*

As noted above, Claimant cites an "inartful omission" as the sole reason for amendment. Indeed, Claimant's concession that her defenses were evident throughout discovery suggests that Claimant "knew or should have known of the facts upon which the proposed amendment is based[.]" *See Far West Bank*, 893 F.2d at 1185.

Although Claimant provides scant justification for the delay, she argues that the United States was "on notice" of the affirmative defenses and will therefore suffer little to no prejudice as a result of the proposed amendment. (Docket #35 at 1-2.) However, the United States contends that it made "case-related decisions in discovery" in reliance on its understanding that Claimant was not asserting an innocent ownership defense. (Docket #39 at 3.) As explained in its response, the United States elected not to pursue a "facilitation" theory of liability, as permitted by 21 U.S.C. § 881(a)(7). (*Id.*)

Consistent with the Tenth Circuit's view in *Evans*, the Court finds that allowing Claimant to amend her Answer to assert, for the first time, affirmative defenses would cost the United States and the Court considerable time and expense in the way of additional discovery and renewed dispositive motions. *See Evans*, 936 F.2d at 1091. While such expense may be warranted when a party provides sound reasons for the delay, in this case, Claimant has provided almost nothing to tip

5

the balance toward amendment. In light of the pending summary judgment motion and Claimant's failure to explain the untimely attempt to amend, the Court finds that Claimant's proposed amendment is unduly delayed and would significantly prejudice the United States. Based upon this finding, it is not necessary for the Court to proceed to analyze whether the proposed amendment is also futile. *See Duncan*, 397 at 1315.

Accordingly, the Court recommends that the District Court deny Claimant's Motion for failure to demonstrate good cause to amend the Scheduling Order, and because the Claimant's amendment is unduly delayed and prejudicial to the United States.

## **CONCLUSION**

The Court concludes that Claimant has not demonstrated good cause to amend the Scheduling Order in accordance with Rule 16(b) and has not shown that justice requires leave to amend under Rule 15(a). Therefore, the Court respectfully RECOMMENDS that Claimant's Motion for Leave to Amend Answer Pursuant to Fed. R. Civ. P. 15(a)(2) [filed April 9, 2012; docket #35] be **denied** and that the tendered First Amended Answer to Verified Complaint for Forfeiture *In Rem* [docket #34] be **stricken**.

Dated at Denver, Colorado this 3rd day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge